# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00519-CV

---

**John Doe, Appellant**

**v.**

**Planned Parenthood of Greater Texas Surgical Health Services; Planned Parenthood South Texas Surgical Center; Planned Parenthood Center for Choice; Bhavik Kumar, M.D., Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-004632, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Planned Parenthood of Greater Texas Surgical Health Services, and several associated entities, along with Bhavik Kumar, M.D. (collectively, the Planned Parenthood Plaintiffs) filed suit against Texas Right to Life and its Legislative Director, John Seago, seeking to prevent implementation of Senate Bill 8 (S.B. 8), also known as the Texas Heartbeat Act. In their original petition, the Planned Parenthood Plaintiffs also identified as defendants "Jane/John Doe 1-100 ('Doe Defendants')." According to the allegations in the petition, the Doe Defendants "are those individuals who have expressed to other Defendants, whether by words or actions, their intention to enforce S.B. 8 against the Plaintiffs." Further, "[t]hese individuals may be identified by any of the above-name defendants [i.e., Texas Right to Life and Seago]" and "will be named and served upon their identification."

On September 3, 2021, the trial court signed a temporary-restraining order, "enjoining Defendants and any and all parties and persons in active concert and participation with them, from instituting any private enforcement lawsuits against Plaintiffs, their physicians, or staff under S.B. 8." As to the Planned Parenthood Plaintiffs' request for a temporary injunction, the Plaintiffs and Texas Right to Life and Seago, through counsel, came to an agreement. On September 13, 2021, the trial court signed an order in accordance with that agreement. In part, the trial court's agreed order on application for temporary injunction states:

> It is therefore ORDERED that Defendants Texas Right to Life, John Seago and their officers, agent, servants, employees, and attorneys, and all persons in active concert and participation with Defendants, including all persons listed in the sealed Exhibit A attached to this Order, are enjoined from instituting private enforcement lawsuits against Plaintiffs, their physicians, or their staff under S.B. 8 for the pendency of this suit.

Wolfgang P. Hirczy de Miño subsequently filed a notice of interlocutory appeal from the trial court's temporary injunction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). In his notice, Hirczy de Miño refers to himself as "John Doe" defendant, "one of the unnamed individuals who Plaintiffs view as prospective S.B. 8 Plaintiffs." He also states that counsel for Texas Right to Life had "no authority to enter . . . any AGREED ORDER on [my] behalf" and that "Texas Right to Life and Mr. Seago do not represent [me] in the underlying litigation or in this appeal." In response to Hirczy de Miño's appeal, the Planned Parenthood Plaintiffs have challenged the jurisdiction of this Court on the ground that Hirczy de Miño lacks standing.

In general, only parties of record may appeal a trial court's judgment. *In re Lumberman Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding); *see* Tex. R. App. P. 25.1(c). In this case, there is no dispute that Hirczy de Miño was not named as a party in

2

the underlying suit and was never served. *See* Tex. R. Civ. P. 79 (petition shall state names of parties); *id.* R. 106 (method of service). Consequently, he is not a party of record.

In addition, to the extent we can construe Hirczy de Miño's notice of appeal as an attempt to appeal based on the doctrine of virtual representation, we cannot conclude that Hirczy de Miño has met his burden to demonstrate that this doctrine applies. The virtual-representation doctrine is an equitable doctrine, providing an exception to the general rule that only parties of record may appeal. *See In re Lumbermens Mut. Cas.*,184 S.W.3d at 723. To be "deemed" a party under the virtual-representation doctrine, the person seeking to appeal must establish that (1) he is bound by the judgment; (2) he is in privity of estate, title, or interest, which privity appears from the record; and (3) there is an identity of interest between him and a party to the judgment. *Id*. at 722.

Here, we cannot conclude that Hirczy de Miño has shown that he is bound by the temporary injunction that he seeks to appeal. The record establishes that the Doe Defendants are persons with whom Texas Right to Life is working and who have informed Texas Right of Life of their plans to sue abortion providers. In his appellant's brief, Hirczy de Miño identifies himself as a person who plans to sue abortion providers under S.B. 8. By his own admission, however, Hirczy de Miño is not "a person in active concert or participation" with Texas Right to Life or Seago, and he is not "a person listed on Exhibit A," as referenced in the temporary-injunction order. As a result, Hirczy de Miño has failed to demonstrate that the virtual-representation doctrine applies to his attempted appeal.

In summary, Hirczy de Miño was not a party of record in the underlying proceedings and has not established that he is otherwise bound by the judgment. Consequently, he lacks standing to pursue this appeal. *See State v. Naylor*, 330 S.W.3d 434, 443-44

3

(Tex. App.—Austin 2011) (dismissing appeal for lack of standing because nonparty did not properly intervene and could not be considered deemed party by virtual representation), *aff'd*, 466 S.W.3d 783 (Tex. 2015). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P 42.3(a).

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed for Want of Jurisdiction

Filed: February 11, 2022